# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYKAL S. RYAN,<br><br>             Plaintiff,<br>   vs.<br><br>TIMOTHY M. HYDEN, *et al.*,<br><br>             Defendants. | CASE NO. 10 CV 1206 MMA (WVG)<br><br>**ORDER GRANTING DEFENDANT YORK-POQUOSON SHERIFFS' MOTION TO DISMISS**<br><br>**[Doc. No. 4]** |

Before the Court is Defendant York-Poquoson Sheriffs' motion to dismiss Plaintiff Mykal S. Ryan's complaint under Federal Rule of Civil Procedure 12(b) for lack of jurisdiction, improper venue, and failure to state a claim upon which relief may be granted. [Doc. No. 4.] For the following reasons, the Court **GRANTS** Defendant's motion to dismiss.

**BACKGROUND**

This action arises from events surrounding Plaintiff's allegedly wrongful arrest for trespassing on real property owned by Plaintiff, located at 104 N. Joshuas Way, Yorktown, Virginia 23692 (the "Property"). [*Complaint*, ¶27.] According to Plaintiff, Defendant negligently failed to verify records regarding ownership of the Property, wrongfully arrested Plaintiff for trespassing, and thereafter unlawfully searched and damaged the premises. [*Id.* at ¶¶29-33.]

On April 8, 2010, Plaintiff filed the current action, alleging claims for: (1) False Arrest under 42 U.S.C. § 1983; (2) False Imprisonment under 42 U.S.C. § 1983; (3) Malicious Prosecution under 42 U.S.C. § 1983; (4) Damage to Reputation; and (5) Intentional Infliction of

1  Emotional Injuries and Post Traumatic Stress Disorder. [*See Complaint*.][1]  Plaintiff does not assert
2  the fourth and fifth causes of action against Defendant York-Poquoson Sheriffs.  In the complaint,
3  Plaintiff asserts venue is proper in the Southern District of California to accommodate his Post
4  Traumatic Stress Disorder, caused by "two consecutive tours of duty in Iraq as an Army soldier,"
5  which prevents him from traveling long distances.  [*Id*. at ¶¶11, 17, 19.]

6  Defendant York-Poquoson Sheriffs moves to dismiss Plaintiff's complaint pursuant to Rule
7  12(b)(1) for lack of subject matter jurisdiction, (b)(2) for lack of personal jurisdiction, (b)(3) for
8  improper venue, and (b)(6) for failure to state a claim upon which relief may be granted.  [Doc.
9  No. 4.]  Plaintiff did not file an opposition within the time permitted by Civil Local Rule 7.1(e).

10  **DISCUSSION**

11  The Ninth Circuit has held a district court may properly grant an unopposed motion to
12  dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a
13  motion for failure to respond.  *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).
14  Local Civil Rule 7.1(f)(3)(c) provides that "[i]f an opposing party fails to file papers in the manner
15  required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that
16  motion or other ruling by the court."  As such, the Court has the option of granting Defendant's
17  motion on the basis of Plaintiff's failure to respond, and it chooses to do so.

18  Generally, public policy favors disposition of cases on their merits.  *See, e.g., Hernandez v.*
19  *City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).  However, a case cannot move forward
20  toward resolution on the merits when the plaintiff fails to defend his case against a Rule 12(b)(3)
21  motion.  Thus, this policy lends little support to a party whose responsibility it is to move a case

---

[1] The Court notes Plaintiff also filed a separate complaint against co-defendant Timothy Hyden less than one month before filing the present action; both complaints appear to arise from the same set of operative facts. [*See Ryan v. Hyden*, case no. 10 CV 1092 JLS (WVG).] The Court granted Mr. Hyden's motion to dismiss the present action for improper venue on August 16, 2010. [Doc. No. 6.] Mr. Hyden has also moved to dismiss the earlier action (pending before Judge Sammartino), for improper venue. [Doc. No. 3.] Plaintiff requested additional time to oppose that motion, which the Court granted. [Doc. Nos. 6, 8.] The hearing on Mr. Hyden's motion before Judge Sammartino is currently set for September 23, 2010.

The Court further notes Plaintiff filed another complaint against co-defendant Lee M. Quick on June 23, 2010. [*Ryan v. Quick*, case no. 10 CV 1326 MMA (WMc).] Plaintiff has not served the complaint in that action.

1 toward disposition on the merits but whose conduct impedes or completely prevents progress in
2 that direction. *See In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994). In addition, management of
3 this Court's docket is of vital significance to the proper and timely resolution of matters before it.
4 Consequently, the Court finds dismissal pursuant to Local Civil Rule 7.1(f)(3)(c) serves to
5 facilitate the management of its docket in light of the fact that the complaint, on its face,
6 demonstrates no plausible ground for jurisdiction over this out-of-state Defendant, nor venue in the
7 Southern District of California.

## **CONCLUSION**

For the reasons set forth above, the Court **GRANTS** Defendant's motion to dismiss. Plaintiff's claims are **DISMISSED** as to Defendant York-Poquoson Sheriffs.

**IT IS SO ORDERED**.

DATED: August 31, 2010

Hon. Michael M. Anello
United States District Judge