# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MYKAL RYAN, | CASE NO. 10 CV 1206 MMA (WVG) |
|---|---|
| Plaintiff, | **ORDER DISMISSING REMAINING DEFENDANT LEE M. QUICK AND TERMINATING ACTION** |
| vs. | |
| TIMOTHY M. HYDEN, et al., | |
| Defendants. | |

This action arises from events surrounding Plaintiff Mykal Ryan's allegedly wrongful arrest for trespassing on real property owned by Plaintiff, located at 104 N. Joshuas Way, Yorktown, Virginia 23692. [*Complaint*, Doc. No. 1, ¶27.] On June 7, 2010, Plaintiff filed the operative complaint against Defendants Timothy M. Hyden (in his individual capacity and as Trustee of the John and Christy Ryan Family Trust), Matthew S. Toth, Lee M. Quick, and the York-Poquoson Sheriffs, alleging claims for: (1) False Arrest under 42 U.S.C. § 1983; (2) False Imprisonment under 42 U.S.C. § 1983; (3) Malicious Prosecution under 42 U.S.C. § 1983; (4) Damage to Reputation; and (5) Intentional Infliction of Emotional Injuries and Post Traumatic Stress Disorder. [*See Complaint*.][1] Plaintiff asserts venue is proper in the Southern District of

---

[1] As noted in the Court's prior orders, Plaintiff has filed multiple suits against these Defendants in the Southern District of California based on the same set of operative facts. [*See* Doc. Nos. 6, 8.] Although not material to the merits or procedural posture of this case, the Court further notes that in two of its prior orders it incorrectly stated that Plaintiff initiated the present action on April 8, 2010; Plaintiff filed this action on June 7, 2010. [*See* Doc. No. 6, p.2; Doc. No. 8, p.1.]

California to accommodate his Post Traumatic Stress Disorder, caused by "two consecutive tours of duty in Iraq as an Army soldier," which prevents him from traveling long distances. [*Id*. at ¶¶11, 17, 19.]

A summons issued as to all Defendants on June 7, 2010. [Doc. No. 2.] Plaintiff did not serve any of the Defendants. Rather, on July 14, 2010, Defendants Timothy Hyden and Matthew Toth moved to dismiss the complaint for improper venue. [Doc. No. 3.] On July 15, 2010, Defendant York-Poquoson Sheriffs moved to dismiss the complaint for improper venue, lack of jurisdiction, and failure to state a claim upon which relief may be granted. [Doc. No. 4.] Plaintiff did not oppose either motion to dismiss. Accordingly, the Court granted both motions to dismiss, noting that on its face the complaint did not provide any basis for venue in the Southern District of California, nor any ground to justify exercising jurisdiction over Defendant York-Poquoson Sheriffs. [*See* Doc. Nos. 6, 8.]

To date, the remaining Defendant Lee M. Quick has not been served, nor has he appeared in the action. Plaintiff's time to serve Mr. Quick in accordance with Federal Rule of Civil Procedure 4(m) expired on October 5, 2010. "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be made without notice where the [plaintiff] cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). The Court's authority in this regard includes *sua sponte* dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. *Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared."); *see also Bach v. Mason*, 190 F.R.D. 567, 571 (D. Idaho 1999); *Ricotta v. California*, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998).

Here, Plaintiff alleges Defendant Quick is a citizen of Virginia, Plaintiff asserts the acts that allegedly caused him injury occurred in Virginia, and Plaintiff has not provided any viable

basis for this action to proceed in the Southern District of California. Accordingly, the Court finds that Defendant Quick, the sole remaining defendant in this action, should be dismissed based on Plaintiff's failure to effect proper service pursuant to Rule 4(m) and failure to prosecute this action as to Defendant Quick pursuant to Rule 41(b). Accordingly, the Court hereby **DISMISSES** Defendant Quick without prejudice. The Clerk of Court is instructed to terminate the case file.

**IT IS SO ORDERED.**

DATED: November 2, 2010

*[signature]*

Hon. Michael M. Anello
United States District Judge