# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYKAL S. RYAN,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br><br>TIMOTHY M. HYDEN, et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 10 CV 1206 MMA (WVG)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 20] |

On May 11, 2011, Plaintiff Mykal S. Ryan filed an "Objection to Decision and Motion to Continue Prosecution of Case." [Doc. No. 9.] The Court construes Plaintiff's objection to the dismissal of his case as a motion for reconsideration under Federal Rule of Civil Procedure 60(b).[1]

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. A Cand S Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993). Further, under subparagraph (6), Plaintiff must show that there are extraordinary grounds justifying relief; mere dissatisfaction with the court's order or belief that the court is wrong in its

---

[1] A motion to alter or amend a judgment must be made within twenty-eight (28) days of entry of judgment. Fed. R. Civ. P. 59(e). Here, the Court's order was entered on November 2, 2010, and the present motion was filed on May 11, 2011, well beyond the twenty-eight day period. As such, the motion to reconsider is untimely under Rule 59(e) and should be considered under Rule 60(b). *Am. Ironworks & Erectors, Inc. v. N. Am. Contr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001).

1 decision are not adequate grounds for relief. *Twentieth Century -- Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). Rule 60(b)(6) "is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006).

On November 2, 2010, the Court dismissed the remaining defendant in this action, Lee M. Quick, on the ground that Plaintiff failed to serve Defendant Quick within the time permitted by Federal Rule of Civil Procedure 4(m). [Doc. No. 15.] Consequently, the case was terminated.[2] [Doc. No. 16.] Plaintiff's pending motion does not identify any ground that might entitle him to relief from the final judgment entered on November 2, 2010. Plaintiff merely asserts that because he suffers from Post Traumatic Stress Disorder (PTSD), the Court should allow him to prosecute his case "as a reasonable accommodation for [his] PTSD disability." [Doc. No. 20, ¶21.] Plaintiff, however, provides no authority indicating the requested relief is appropriate or warranted. Although the Court is sympathetic to the difficulties Plaintiff may suffer as a result of his PTSD, based on the current record before the Court there are no grounds to alter, amend, or otherwise reconsider the Court's judgment in this case. Accordingly, given the procedural history of this action, Plaintiff's prior abandoned appeal, and Plaintiff's failure to identify any legally cognizable ground for reconsideration, the Court **DENIES** Plaintiff's pending motion. Plaintiff is advised this matter is closed and no further filings will be accepted.

**IT IS SO ORDERED.**

DATED: May 12, 2011

Hon. Michael M. Anello
United States District Judge

---

[2] The Court previously granted two unopposed motions to dismiss by the other named defendants for lack of personal jurisdiction and improper venue. [Doc. Nos. 6, 8.]